**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERNEST J. WILLIAMS, ERNEST J.
WILLIAMS JR., PATTY WILLIAMS, and
UMIKA BREED,

        Plaintiffs,

v.

WEB EQUITY HOLDINGS, LLC,
RICHARD ROOSEN, PAUL VARCHETTI,
LYNN OLIVIER, and ROOSEN
VARCHETTI & OLIVIER, PLLC,

        Defendants.
_____/

CASE NO. 2:13-cv-13723

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS
AND ORDERING PLAINTIFFS TO AMEND COMPLAINT**

This matter is before the Court on Defendants Web Equity Holdings, Inc.; Richard Roosen; Paul Varchetti; Lynn Olivier; and Roosen, Varchetti & Olivier, PLLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs Ernest J. Williams, Ernest J. Williams Jr., Patty Williams, and Umika Breed filed the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and several claims under Michigan state law arising out of Defendants' attempts to collect a credit card debt. The Court heard oral argument on the motion on December 11, 2013, and at the conclusion of the hearing, took the matter under advisement. For the reasons stated below, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. With respect to Plaintiffs' claims of harassment and inaccurate credit reporting in violation of

the FDCPA, the Court orders Plaintiffs to **AMEND** their Complaint by **JANUARY 10, 2014,** to properly plead those claims within the limitations period.

I.  **STATEMENT OF FACTS**

Plaintiffs Ernest J. Williams ("Father") and Ernest James Williams, Jr. ("Son") are father and son, both of whom reside in Flint, Michigan. On April 12, 2011, Defendant Web Equity Holdings ("Web"), through its attorneys Defendant Roosen, Varchetti & Olivier, PLLC ("RVO"), filed an action against "Ernest J. Williams" to collect a defaulted credit card debt. The first summons issued against "Ernest J. Williams" at 5103 Forest Side Drive in Flint and contained an affidavit from Varchetti, attesting to the legitimacy of the debt. Soon thereafter, an attorney representing Father responded by letter to Defendants that the "Ernest J. Williams" residing at 5013 Forest Drive did not owe the debt.

Web then sought an order for alternative service of "Ernest J. Williams" at 526 Crapo Street in Flint, the last known residence of Son. The complaint was never answered by the "Ernest J. Williams" residing at 526 Crapo. Therefore, on December 2, 2011, Defendants obtained a default judgment against the Son in the amount of $1,658.96. A copy of the judgment was mailed to 526 Crapo. Subsequently, RVO proceeded to collect the judgment by garnishing the tax refunds of Son. The judgment was satisfied on July 9, 2013.

Plaintiffs assert that Defendants knew that Father did not owe the debt, but continued to call and harass those who lived at Father's residence. Plaintiffs further contend that the judgment was improperly entered against Father, but effectively used

2

to garnish the tax refunds of Son.  Father also claims that the debt appears on his credit report.

On August 30, 2013, Plaintiffs filed a nine-count complaint in this Court alleging multiple violations of the FDCPA, invasion of privacy by intrusion upon seclusion, violations of the Michigan Occupation Code, violations of the Michigan Debt Collection Practices Act, abuse of process, conspiracy, fraudulent misrepresentation, innocent misrepresentation, and defamation.

## II.    STANDARD OF REVIEW

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if "'it fails to give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the complaint contains well-pleaded factual allegations, the court must assume their veracity; but it need not assume the truth of bare legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III.   ANALYSIS

The Fair Debt Collection Practices Act ("FDCPA") prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The standard applicable to FDCPA claims is "whether the 'least sophisticated consumer' would be misled by defendant's actions."  Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326-27 (6th Cir. 2012) (quoting Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006)).

Defendants argue that dismissal is appropriate for three reasons: 1) the Rooker-Feldman doctrine prohibits federal district courts from exercising appellate jurisdiction over state court judgments, 2) the statute of limitations bars Plaintiffs' FDCPA claims, and 3) the FDCPA claims are not properly alleged in the Complaint.  At oral argument, Defendants abandoned their Rooker-Feldman argument, but reserved the right to raise it during subsequent proceedings.  However, the Court finds it appropriate to dispose of Defendants' argument at present, as it is clearly inapplicable to the instant case.

    **A.**    **Rooker-Feldman Doctrine**

Generally, the Rooker-Feldman doctrine provides that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." Pieper v. Am. Arbitration Assoc., Inc., 336 F.3d 458, 460 (6th Cir. 2003).  More specifically, the doctrine only applies in cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 554 U.S. 280, 291 (2005).  In other words, a federal district court may entertain an action that does not seek to invalidate a state court judgment, but instead seeks monetary relief for separate violations of federal law. See Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs., 241 F. App'x 285, 288 (6th Cir. 2007) (permitting plaintiff's § 1983 claim challenging defendants' actions in securing custody order, rather than the state court judgment awarding custody to another party).

Here, Plaintiffs assert that Defendants violated federal law through its unlawful attempts to collect a debt.  These claims concern the independent actions of the

Defendants and are separate violations of federal law independent of the state court judgment. Plaintiffs do not seek to overturn the default judgment. Rather, Plaintiffs' claims involve Defendants' actions in collecting the debt, i.e., repeatedly harassing Plaintiffs and unlawfully reporting adverse credit activity on Father's credit report. See Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C., 387 F. Supp. 2d 752, 755 (W.D. Mich. 2005) ("Plaintiff's liability for the debt does not affect whether the [defendant's] collection practices violate the FDCPA and MCPA."); see also Todd v. Weltman, Weinberg & Reis, Co., 348 F. Supp. 2d 903 (S.D. Ohio 2004) (holding that plaintiff's claims under the FDCPA that defendant filed false affidavits in support of state court garnishment proceedings did not implicate Rooker-Feldman concerns).

Importantly, insofar as Father and Son assert that neither of them owes the debt, these arguments are not properly before the Court. Such an argument requires the Court to exercise appellate review over the state court judgment, which is barred under Rooker-Feldman. Consequently, Rooker-Feldman does not bar Plaintiffs' FDCPA claims insofar as they allege improper conduct on part of Defendants in collecting the debt. Any arguments involving the validity of the judgment are barred.

### B.   Statute of Limitations and Sufficiency of Allegations

Next, Defendants argue that Plaintiffs' FDCPA claims are time-barred and are not pled sufficiently in accordance with Twombly, 550 U.S. at 555. An action to enforce the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendants filed the collection action on April 12, 2011, and began garnishing Son's tax refunds in January 2012. The judgment was satisfied in July 2013. Plaintiffs filed their Complaint on August 30, 2013. In it, Plaintiffs set forth

several violations of the FDCPA, including but not limited to: using a false affidavit to support the collection action, unlawfully obtaining a default judgment, repeatedly calling and harassing Plaintiffs, and failing to notify credit-reporting agencies that Father did not owe the debt.

The central inquiry is "whether [Plaintiffs] knew or reasonably should have known of the asserted basis for [their] FDCPA claim[s] – i.e., that the alleged violation of the FDCPA had damaged [them] – more than one year before [they] filed the original complaint . . . ." Castlebury v. Neumann Law P.C., 2008 WL 5744179 at *7 (W.D. Mich. July 9, 2008). Indeed, the Sixth Circuit applies the due diligence standard to cases involving federal law. See Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991) ("The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis for his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.") (citing Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984)). This principle equally applies to the instant case.

Here, Plaintiffs knew of the collection action filed against Father in April 2011. Shortly thereafter, Father's attorney threatened legal action against Defendants and notified Defendants that Father was not responsible for the debt. Beginning in January 2012, Son knew of the garnishment of his tax refunds. Once garnishment commenced, a reasonable person would have contacted an attorney and disputed the garnishment proceedings. Instead, Plaintiffs waited nearly two years to file suit. At the latest, Plaintiffs knew the essential facts underlying any potential claims against Defendants by

the beginning of 2012. Thus, any damages arising from the collection action, the affidavit or subsequent default judgment are time-barred.

Notably, the Complaint alleges that "[b]efore, during and after this time, right up until two months ago, Web continued calling and harassing the FATHER, MOTHER & SISTER in repeated attempts to collect a debt, which they did not owe." (Doc. 1 at 5). Plaintiffs also assert Defendants continued to contact Father after Defendants knew Father was represented by an attorney. Although Plaintiffs failed to allege one specific phone call within the limitations period, calls placed within the limitations period are independently actionable. See Lashbrook v. Portfolio Recovery Assoc., LLC, 2013 WL 4604281 at *2 n.2 (E.D. Mich. Aug. 29, 2013) (noting that "any call placed prior to [limitations period] is not actionable," but calls within the period are properly before the court). In addition, this conclusory allegation fails to satisfy the liberal pleading requirements set out in Twombly. Thus, the Court permits Plaintiffs to amend the Complaint to include dates of harassing phone calls from Defendants that fall within the limitations period and include factual allegations in accordance with 15 U.S.C. §§ 1692b, 1692c, and 1692d.

Last, Plaintiffs allege that Defendants "failed to report to third parties and credit reporting agencies that FATHER had disputed owing the debt." (Doc. 1 at 6). This is a potential violation of the FDCPA. See § 1692e(8) (prohibiting "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"). However, Plaintiffs failed to identify any specific dates regarding when Father discovered the adverse credit report or when Defendants reported such

7

information. Consequently, Plaintiffs are permitted to amend the Complaint to include violations that fall within the one-year limitations period.

IV. **CONCLUSION**

Accordingly, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. With respect to Plaintiffs' claims of harassment and inaccurate credit reporting in violation of the FDCPA, the Court orders Plaintiffs to **AMEND** their Complaint by **JANUARY 10, 2014**, to properly plead those claims within the limitations period.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: December 18, 2013

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager

8